UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANS C. ANDERSON,

    Plaintiff,

v.                                                 Case No. 8:11-CV-2800-T-30TBM

FNU Mocker, et al.,

    Defendants.
_____/

## ORDER

Anderson, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2). The complaint alleges that on December 17, 2011, Officer Mocker and another officer entered Anderson's cell. Officer Mocker then exposed his penis and told Anderson to "s_ _ k_ my d_ _ _k." Anderson refused and informed the officers that he "knew how to do section 1983 petitions. . . ." The officers told him "say nothing Anderson or you will get D.R.s and off to confinement." The officers left Anderson's cell, and made an obscene gesture to Anderson while walking away. As relief, Anderson requests an investigation of Officer Mocker's background, an injunction to end "this type of behavior," and an award of all lost gain time plus 180 days of additional gain time for having to put "up with these type of people."

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.) (upholding this Court's "three strikes" dismissal of one of Plaintiff's previous actions), *cert. dismissed*, 524 U.S. 978 (1998).  Section 1915(g) specifically applies to both civil actions and appeals.  The court judicially notices some of Anderson's prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) 8:10-cv-1290-T-23EAJ (complaint dismissed for failure to state a claim upon which relief can be granted); (2) 8:10-cv-1511-T-26TGW (complaint dismissed as frivolous); (3) 8:10-cv-1513-T-26EAJ (complaint dismissed for failure to state a claim upon which relief can be granted); (4) 8:10-cv-1691-T-26AEP (complaint dismissed as frivolous).

Additionally,   8:10-cv-1512-T-23AEP,   8:10-cv-1593-T-27MAP, 8:10-cv-1651-T-27AEP,   8:10-cv-1692-T-33EAJ,   8:10-cv-1723–T-23TGW, 8:10-cv-1724-T-30TBM, 8:10-cv-2054-T-23TGW, 8:10-cv-2576-T-33AEP, 8:10-cv-2641-

T-26TGW, 8:10-cv-2642-T-33EAJ, 8:11-cv-666-T-30TBM, and 8:11-cv-667-T-30EAJ were dismissed based on the "three strikes" provision in Section 1915(g).

The complaint does not allege facts showing that Anderson is under imminent danger of serious physical injury. Thus, he is not entitled to proceed *in forma pauperis* because he has had at least three prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Anderson may initiate a new civil rights action by filing a new civil rights complaint and paying the full $350.00 filing fee.

Accordingly, the Court **ORDERS** that:

1.  The complaint (Dkt. 1) is **DISMISSED without prejudice**[1] to the filing of a new complaint, in a new case, with a new case number, upon payment of the $350.00 filing fee.

2.  The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 22, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[1] *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g).").